IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-246-BO

| | |
|---|---|
| GREGORY EUGENE HILL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 26, 28]. A hearing was held in Elizabeth City, North Carolina on January 13, 2015. For the reasons detailed below, the decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the Commissioner's decision denying his claim for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Mr. Hill filed his claim on April 30, 2010, alleging an onset date of December 30, 2006. [Tr. 57–58, 156–65]. His claims were denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge (ALJ) on May 15, 2012, at which plaintiff appeared and amended his alleged onset date to April 1, 2010. [Tr. 44]. On June 13, 2012, the ALJ issued an unfavorable decision. The Appeals Council denied Mr. Hill's request for review and the ALJ's decision became the final decision of the Commissioner. Mr. Hill then timely sought review of the ALJ's decision in this Court.

## DISCUSSION

1

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* To be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* In the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work or if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

After finding that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date, the ALJ determined that Mr. Hill's back disorder, acromioclavicular joint osteoarthritis, diabetes, headaches, left side weakness, obesity, and carpal tunnel syndrome constitute severe impairments. [Tr. 12–13]. The ALJ then found that Mr. Hill did not have an impairment or combination of impairments that met or equaled a listing

and had a residual functional capacity (RFC) to perform a limited range of light work. [Tr. 13–14]. Specifically, the ALJ found that Mr. Hill could only occasionally climb and balance, occasionally reach and handle with the upper left extremity, and had to avoid concentrated exposure to hazards. [Tr. 14]. The ALJ then determined that plaintiff could return to his past relevant work as meter reader and housekeeper, and accordingly, found that Mr. Hill was not disabled as of the date of the opinion. [Tr. 18 ].

Plaintiff argues that the ALJ failed to properly evaluate the medical opinions of Drs. Pressley and Woods and therefore erred in determining plaintiff's RFC. After reviewing the record, the Court finds that these contentions are without merit.

Dr. Pressley was not Mr. Hill's treating physician, therefore her opinion was not due any particular weight. 20 C.F.R. §§ 404.1527, 416.927. "[A]n ALJ may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings." *Paschall v. Astrue*, No. 5:10-CV-161-FL, 2011 WL 1750757, at *3 (E.D.N.C. May 6, 20110 (citation and internal quotation marks omitted). In this case, the ALJ explained that Dr. Pressley's opinion was not consistent with other record evidence, and that Dr. Pressley examined plaintiff only once, did not review any of his records, and had as background only plaintiff's self-reports. [Tr. 17]. The record demonstrates that substantial evidence supports the ALJ's decision to discount Dr. Pressley's opinion.

Likewise, the ALJ committed no error in giving great weight to the opinion of Dr. Woods, who was a non-examining physician. A non-examining physician's opinion can constitute substantial evidence to support an ALJ's decision. *Smith v. Schweiker*, 795 F.2d 323, 345 (4th Cir. 1986). In this case, Dr. Woods's opinion was consistent with other record evidence,

such as MRIs of the left shoulder and cervical spine. [Tr. 295, 297]. Dr. Woods's opinion was also consistent with the opinions of Drs. Young and Mravkov, who did not restrict Mr. Hill's activities. [Tr. 281–83, 292–93]. Accordingly, the ALJ did not commit reversible error in giving great weight to Dr. Woods's opinion.

Plaintiff argues that the ALJ should have included restrictions based on Mr. Hill's carpal tunnel syndrome, but the medical record contains no evidence of functional deficits because of plaintiff's carpal tunnel syndrome. Moreover, as the ALJ committed no error in affording Dr. Pressley's opinion little weight and Dr. Woods's opinion great weight, the ALJ correspondingly did not err in determining Mr. Hill's RFC. The ALJ's RFC determination clearly was supported by substantial evidence.

The ALJ carefully considered all of the evidence in the record in making the determination that plaintiff is not disabled. Substantial evidence clearly supports the ALJ's findings, and as such, it is proper to affirm the ALJ's determination that plaintiff is not disabled and is not entitled to benefits.

## CONCLUSION

For the aforementioned reasons, plaintiff's motion for judgment on the pleadings [DE 26] is DENIED, and defendant's motion for judgment on the pleadings [DE 28] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this 26 day of January, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4